# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARI CONCEPTS, LLC and ANGELA KILIC-CAVE, <br>     *Plaintiffs*, <br><br> v. <br><br> EF GLOBAL CORPORATION, EFG TIETEK LLC, TIETEK GLOBAL LLC, TTG REAL ESTATE, LLC, TTG OPERATING, LLC, and LT RESOURCES, INC., <br>     *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Dari Concepts, LLC ("Dari") and Angela Kilic-Cave ("Kilic-Cave") file their Original Complaint against Defendants EF Global Corporation ("EFG"), EFG TieTek, LLC ("EFG TieTek"), TieTek Global LLC ("TieTek Global"), TTG Real Estate, LLC ("TTGRE"), TTG Operating, LLC ("TTGO") and LT Resources, Inc. ("LTR") (collectively, the "Defendants"), and, in support thereof, respectfully show the Court as follows:

### NATURE OF THE CASE

1. Plaintiff Dari is a woman and veteran-owned management consulting firm that provides critical logistics support for commercial and government clients by, *inter alia*, providing access to reliable physical assets in challenging global environments and expertise on a range of issues. Ms. Kilic-Cave is Dari's majority Member and Manager.

2. In 2021, Dari acquired a majority ownership stake in TieTek Global, a Houston company with a manufacturing plant in Marshall, Texas that markets itself as the leader in the

design and manufacturing of railway ties and highway/rail crossings made from polymer composite materials.

4. Due to the minority owner's resistance to Dari's efforts to implement necessary improvements to TieTek Global's business model, Dari sold its interest in the company (to Defendant EFG TieTek) by entering into the Membership Interest and Note Purchase Agreement dated August 4, 2022 (the "Agreement") with the Defendants. Ms. Kilic-Cave was also party to the Agreement. Under the Agreement, Dari and Ms. Kilic-Cave were entitled to two (2) forms of payment in exchange for the sale of Dari's interest in TieTek Global: (i) EFG TieTek was obligated to immediately pay Ms. Kilic-Cave $1 million in cash; and (ii) the Defendants were required to execute and deliver to Dari a promissory note in the amount of $5 million, with interest accruing at 6% per annum, that would become due and payable in full on August 4, 2023 – one year from the effective date of the Agreement (the "Note"). The Agreement also contractually obligated the Defendants to compensate (by indemnifying) Dari and Ms. Kilic-Cave for certain defined "Special Obligation" costs which included, *inter alia*, those arising out of or relating to lawsuits naming Dari and/or Ms. Kilic-Cave as defendants and payments made by Ms. Kilic-Cave in connection with certain loan and guaranty obligations.

4. EFG TieTek timely paid the $1 million in cash to Ms. Kilic-Cave. However, when the Note became due and payable in full on August 4, 2023, the Defendants refused to pay Dari the $5 million principal or the accrued interest. Defendants continue to refuse Dari's demands for payment and, accordingly, breached the clear and unambiguous terms of the Agreement and the Note. Moreover, the Defendants have also breached their contractual obligations under the Agreement through their repeated refusal to compensate Dari for more than $150,000 in

indemnifiable "Special Obligation" costs. Dari and Ms. Kilic-Cave are entitled to damages, prejudgment interest, and declaratory relief.

## THE PARTIES

5. Plaintiff Dari is a limited liability company organized under the laws of the state of Delaware. Dari is wholly owned by its two Members, Ms. Kilic-Cave and Mr. Azad Hameed. Ms. Kilic-Cave and Mr. Hameed are both natural persons who are domiciled in the Commonwealth of Virginia. Dari is, accordingly, a citizen of the Commonwealth of Virginia.

6. Plaintiff Angela Kilic-Cave is the majority Member and Manager of Dari. Ms. Kilic-Cave is domiciled in and, therefore, a citizen of, the Commonwealth of Virginia.

7. Upon information and belief, Defendant EFG is a corporation organized under the laws of the state of Delaware with its principal place of business in Mesa, Arizona. EFG is, accordingly, a citizen of the states of Delaware and Arizona.

8. Upon information and belief, Defendant EFG TieTek is a limited liability company organized under the laws of the state of Delaware and is wholly owned by its sole Member, Defendant EFG. EFG TieTek is, accordingly, a citizen of the states of Delaware and Arizona.

9. Upon information and belief, Defendant TieTek Global is a limited liability company organized under the laws of the state of Texas. Upon further information and belief, as of August 4, 2022, TieTek Global is wholly owned by two Members: (i) its majority Member, Defendant EFG TieTek; and (ii) its minority member, Ms. Linda Thomas, a natural person who is domiciled in the state of Texas. TieTek Global is, accordingly, a citizen of the states of Delaware, Arizona, and Texas.

10. Upon information and belief, Defendant TTGRE is a limited liability company organized under the laws of the state of Texas, and its sole owner is TieTek Global. TTGRE is, accordingly, a citizen of the states of Delaware, Arizona, and Texas.

11. Upon information and belief, Defendant TTGO is a limited liability company organized under the laws of the state of Texas, and its sole owner is TieTek Global. TTGO is, accordingly, a citizen of the states of Delaware, Arizona, and Texas.

12. Upon information and belief, Defendant LTR is a company incorporated under the laws of the state of Texas with its principal place of business in the Southern District of Texas and is, accordingly, a citizen of the state of Texas.

13. Therefore, considered collectively, the Defendants named in this complaint are citizens of the states of Arizona, Delaware, and Texas.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to Dari's claims occurred in the Southern District of Texas – Houston Division, where TieTek Global is headquartered.

## FACTS

**A. Dari Acquires a Majority Interest in Defendant TieTek Global.**

16. In 2021, Dari acquired a nearly 53% ownership stake in TieTek Global. TieTek Global is a Texas limited liability company that holds itself out as maintaining an office in the Southern District of Texas. TieTek Global also has a manufacturing plant located in Marshall, Texas.

17.     TieTek Global markets itself as the leader in the design and manufacturing of polymer composite rail ties and rail/highway crossing ties. The use of polymer composite in lieu of traditional steel, in theory, makes the products designed and manufactured by TieTek Global more sustainable to produce, and more reliable to deploy in environments that are difficult to access or that otherwise lack well-developed infrastructure and the means to maintain and repair traditional rail systems.

18.     Given Dari's business model of providing, *inter alia*, access to reliable physical transportation and other logistics assets in challenging locations, acquiring a design and manufacturing firm such as TieTek Global seemed like a prudent investment.

19.     After Dari completed its acquisition, it sought to implement changes to TieTek Global's business operations it viewed as necessary for TieTek Global to be a sustainable and profitable business.

20.     Notwithstanding its position as the majority owner, Dari was unable to successfully carry out these changes. TieTek Global's minority owner adamantly disagreed with Dari's assessment and continuously undermined Dari's efforts to effectuate the contemplated reforms.

21.     Several months after purchasing its ownership stake, Dari concluded that it was in its own best interest to divest from TieTek Global.

**B.     Dari Sells its Interest in TieTek Global.**

22.     In August of 2022, Dari and the Defendants executed the Agreement, pursuant to which Dari sold all its Class A voting units to EFG TieTek. Ms. Kilic-Cave is also party to the Agreement. A true and correct copy of the Agreement is attached as **Exhibit A**.

23.     Dari's and Ms. Kilic-Cave's claims against the Defendants arise out of the Agreement's provisions concerning, *inter alia*, (i) Defendants' obligations to pay Dari for the sale

5

of its ownership interest; and (ii) the Defendants' contractual obligation to indemnify Dari and Ms. Kilic-Cave for certain defined costs.

      i.  <u>Dari's Entitlement to Payment From The Defendants</u>

24. In exchange for Dari's sale of its interest in TieTek Global, the Agreement contractually obligates the Defendants to make two forms of payment. *See* Exhibit A, Recitals, Sections 1.1-1.3.

25. First, EFG TieTek was required to pay $1 million in cash to Ms. Kilic-Cave to purchase from her a promissory note. That payment was to be made in connection with the execution of the Agreement. Exhibit A, Section 1.3. EFG TieTek paid those amounts, and they are not at issue in this lawsuit.

26. Second, as the actual "Purchase Price" for Dari's voting units, the Defendants were required to execute and deliver to Dari a promissory note with a principal amount of $5 million, that was to accrue interest at 6% per annum, and that would become "due and payable in full one year from the date of Closing" (the Note):

> **Section 1.2 Purchase Price**. The aggregate purchase price for the Membership Interests shall be $5 million (the "**Purchase Price**"). The Buyer shall deliver a promissory note from Buyer, EF Global, the Company, TTG RE, TTG Op, and LT as co-makers in the amount of $5 million with interest accruing at 6% per annum, due and payable in full one year from the date of Closing.

Exhibit A, Section 1.2 at 1.

27. The Agreement is dated August 4, 2022, and, pursuant to the Agreement's terms, August 4, 2022, is the date on which "Closing" occurred.

> **Section 1.4 Closing**. The closing of the transactions contemplated by this Agreement <u>(the "**Closing**") shall take place simultaneously with the execution of this Agreement on the date of this Agreement (the "**Closing Date**")</u> at the offices of the Company or remotely by exchange of documents and signatures (or their electronic counterparts). The consummation of the transactions contemplated by this Agreement shall be deemed to occur at 12:01 a.m. on the Closing Date.

Exhibit A, Preamble, Section 1.4, at 2 (emphasis added).

28.     Accordingly, the Defendants were obligated to execute and deliver a promissory note that became due and payable (both the $5 million principal and the accrued interest at 6% per annum) on August 4, 2023, one year from "the date of Closing." *See* Exhibit A at Preamble, Section 1.2, Section 1.4.

> ii.     The Defendants' Contractual Obligation to Indemnify Dari and Ms. Kilic-Cave for Defined "Special Obligation" Costs.

29.     The Agreement also established a contractual obligation on the part of the Defendants to indemnify Dari and Ms. Kilic-Cave for certain defined costs.

30.     In particular, Dari and Ms. Kilic-Cave are entitled to payment for costs—including attorneys' fees— "arising from or relating to" particular "contracts or personal guarantees" defined by the Agreement as "Special Obligations":

> **Section 7.4 Special Indemnification by Buyer, EF Global, the Company, TTG RE, TTG Op, and LT**. Buyer, EF Global, the Company, TTG RE, TTG Op, and LT, jointly and severally, <u>shall defend, indemnify, and hold harmless Angela, [Dari]</u>, their respective affiliates, and their respective members, managers, officers, and employees from and against <u>all actual out-of-pocket losses, damages, liabilities, costs, or expenses, including all attorneys' fees and disbursements (collectively, "**Special Losses**") arising from or relating to</u> those certain contracts or personal guarantees entered into by Angela and/or Seller as described on Exhibit 7.4 (the "**Special Obligations**").

Exhibit A, Section 7.4, at 9 (emphasis added).[1]

31.     Exhibit 7.4 to the Agreement sets forth nine separate "Special Obligations" related to actions taken by or allegations made against Dari and/or Ms. Kilic-Cave in connection with its former interest in TieTek Global. *See* Exhibit A, Exhibit 7.4. The defined "Special Obligations"

---

[1] Citations are to the pagination on the face of the document, as opposed to the electronic pagination identified by Adobe or applied by the ECF filing system.

include, *inter alia*, pending lawsuits in New York Supreme Court and Maricopa County Superior Court, as well as loan and guaranty commitments undertaken by Ms. Kilic-Cave.

32. The Defendants' obligation to indemnify Dari and Ms. Kilic-Cave is triggered by the prompt "written notice of such claim" to the Defendants:

> **Indemnification Procedures**. Whenever any claim shall arise for indemnification hereunder, the person or entity being indemnified hereunder (the "**Indemnified Party**") shall promptly provide written notice of such claim to the person or entity making the indemnification hereunder (the "**Indemnifying Party**").

Exhibit A, Section 7.5, at 9.

**C.    The Defendants Execute and Deliver the Note.**

33. Simultaneous with the execution of the Agreement, the Defendants delivered to Dari an executed promissory note dated August 4, 2022 (again, the "Note"). Pursuant to the terms of the Agreement and the Note, the Defendants were contractually obligated to pay Dari $5 million, plus interest that accrued on the principal at a rate of 6% per annum, when the Note became due and payable. Upon an "Event of Default," the interest increases to 12% per annum. A true and correct copy of the Note is attached as **Exhibit B**.

34. The Note (both the $5 million principal and accrued interest) becomes "due and payable" to Dari either (i) one year from the effective date of the Note (August 4, 2022), or (ii) upon the occurrence of certain defined "Event[s] of Default," whichever took place earlier:

> FOR VALUE RECEIVED, EFG TieTek, LLC, a Delaware limited liability company ("EFG"), EF Global Corporation, a Delaware corporation ("EF Global"), TieTek Global LLC, a Texas limited liability company (the "Company"), TTG Real Estate LLC, a Texas limited liability company ("TTG RE"), TTG Operating LLC, a Texas limited liability company ("TTG Op"), and LT Resources, Inc., a Texas corporation ("LT" and together with EFG, EF Global, the Company, TTG RE, and TTG Op, the "Borrowers"), promise to pay to the order of Dari Concepts, LLC, a Delaware limited liability company (the "Holder"), in lawful money of the United States of America <u>the principal sum of $5,000,000</u>, or such lesser amount as shall equal the outstanding principal amount hereof, together with interest from the date of this Promissory Note (this "Note"). <u>All unpaid principal, together with any then unpaid and accrued interest and other amounts payable hereunder, shall be due and</u>

> payable on the earliest of (i) one year from the date hereof, or (ii) when, upon or after the occurrence of an Event of Default (as defined below), such amounts are declared due and payable by the Holder or made automatically due and payable in accordance with the terms hereof (any such date, the "Maturity Date").

Exhibit B at 1 of 8 (emphasis added).

35. Among the defined "Event[s] of Default" established by the Note is the Defendants' failure to pay the amounts due, which provides a ten-day cure period:

> *Failure to Pay*. The Borrowers shall fail to pay (i) when due any principal or interest payment on the due date hereunder or (ii) any other payment required under the terms of this Note, the Security Agreement, or the Deed of Trust on the date due and such payment shall not have been made within ten (10) days of the Borrowers' receipt of the Holder's written notice to the Borrowers of such failure to pay; or

*See* Exhibit B, Paragraph 4(a), at 2 of 8 (emphasis added).

36. The occurrence of either triggering event, defined as the "Maturity Date" by the Note, triggered the Defendants' obligation to pay and their joint liability for the amounts due:

> **Payments**. Interest shall accrue at the rate of 6% per annum. On the Maturity Date, any remaining principal balance and all unpaid accrued interest thereon shall immediately become due and payable. All payments made pursuant to this Note shall be made in lawful tender of the United States and shall be applied first to interest and then to principal. The obligations of the Borrowers to pay under this Note shall be joint and several.

Exhibit B, Paragraph 2, at 2 of 8 (emphasis added).

37. The Note expressly defines the term "obligations" to include attorney's fees incurred in connection with enforcing the Agreement and/or the Note:

> "Obligations" shall mean and include all amounts due under this Note, the Security Agreement, and the Deed of Trust, all other amounts now or hereafter owed to the Holder by any or all of the Borrowers and all costs and expenses, including, without limitation, reasonable attorneys' fees and costs incurred in connection with actions relating to the Security Agreement, the Deed of Trust, or this Note.

Exhibit B, Paragraph 1(c) at 2 of 8 (emphasis added).

**D.  The Defendants Breach the Agreement and the Note by Refusing to Pay Dari the $5 Million, Plus Interest.**

36. No defined "Event of Default" occurred before August 4, 2023. Accordingly, the Note became due and payable to Dari on August 4, 2023, "one year from the date hereof," on that "Maturity Date."

37. The Defendants did not make any payment to Dari on August 4, 2023.

38. The following business day, Monday, August 7, 2023, Dari sent a demand letter to the Defendants regarding their failure to pay Dari the $5 million principal and $300,000 (at that time) in accrued interest.

39. Dari's August 7, 2023, letter constituted "written notice to the Borrowers of such failure to pay," and started the ten-day clock under which the Defendants had the opportunity to pay the Note to avoid an "Event of Default" for a "Failure to Pay." *See* Exhibit B, Paragraph 4(a), at 2 of 8.

40. The Defendants failed to make any payment within the ten-day grace period, causing an "Event of Default" to take place and a second "Maturity Date" to occur, under which the Note would also be immediately due and payable in full to Dari, and interest would thereafter accrue at a rate of 12% per annum.

41. As of the date of this filing, the Defendants have not paid Dari the amounts due under the Note as principal or for any accrued interest, which now stands at more than $350,000.

42. The Defendants failure to pay Dari is a material breach of their contractual obligations under the Agreement and the Note.

**E.  The Defendants Breach Their Contractual Obligation to Indemnify Dari and Ms. Kilic-Cave for "Special Obligation" Costs.**

43. During negotiations between Dari and the Defendants concerning the sale of Dari's ownership interest in TieTek Global, Dari informed the Defendants that it (and its majority

Member, Ms. Kilic-Cave), were incurring—and expecting to incur—costs arising out of or relating to certain events concerning its former majority interest in TieTek Global. These events included, *inter alia*, lawsuits filed in Arizona and New York state court, as well as payments made and other attendant costs incurred by Ms. Kilic-Cave in connection with loans and/or guarantees entered into for the benefit of TieTek Global.

44. Dari made it clear during negotiations that a condition of sale was the Defendants' agreement to compensate Dari and/or Ms. Kilic-Cave for costs arising out of or relating to these events.

45. The Defendants agreed to that condition of sale. Their agreement is manifest in their consent to and execution of the Agreement, which contains several indemnification provisions including, of relevance to this complaint, for costs "arising from or relating to" the nine defined "Special Obligation" events, as established by Section 7.4 and Exhibit 7.4 of the agreement.

46. Simultaneous with the Agreement's execution, Dari "promptly provide[d] written notice" to the Defendants of costs incurred to date that directly arose out of two lawsuits expressly identified as "Special Obligation" events, and for which Dari and Ms. Kilic-Cave were plainly entitled to indemnification. Dari's letter triggered the Defendants' obligation to indemnify Dari and Ms. Kilic-Cave pursuant to Section 7.5 of the Agreement.

47. The Defendants failed to indemnify Dari and Ms. Kilic-Cave for those costs.

48. Subsequent to the execution of the Agreement, Dari "promptly provide[d] written notice" of indemnifiable Special Obligation costs to the Defendants through several letters. These letters outlined, and provided support for, additional costs arising out of the two lawsuits, as well as costs arising out of a third "Special Obligation," payments made by Ms. Kilic-Cove on a loan

11

identified in the Agreement to avoid a default. Dari's letters triggered the Defendants' obligation to indemnify Dari and Ms. Kilic-Cave pursuant to Section 7.5 of the Agreement.

49. The Defendants have repeatedly ignored Dari's demands for payment and have failed to indemnify Dari and Ms. Kilic-Cave for any "Special Obligation" costs that were promptly noticed.

50. The Defendants' willful refusal to pay Dari and Ms. Kilic-Cave for these Special Obligation costs is a material breach of the Defendants' contractual obligations under Section 7.4, Section 7.5, and Exhibit 7.4 of the Agreement.

51. As of the date of this filing, Dari and Ms. Kilic-Cave have incurred more than $150,000 in damages, comprised of "Special Obligation" costs for which they are entitled to indemnification.

## COUNT I
### (Breach of Contract – Payment of the Promissory Note & Interest)

52. Dari and Ms. Kilic-Cave incorporate by reference the allegations of Paragraphs 1 – 51 as if set forth herein.

53. Dari, Ms. Kilic-Cave, and the Defendants entered into a valid and enforceable written contract (the Agreement), pursuant to which Dari sold its membership interest in TieTek Global in an exchange for, *inter alia*, the execution and delivery by the Defendants to Dari of a promissory note whereby the Defendants were obligated to pay Dari $5 million, plus interest at a 6% per annum rate, that would become due and payable on August 4, 2023.

54. Simultaneous with the signing of the Agreement, the Defendants executed and delivered to Dari a promissory note obligating the Defendants to pay Dari $5 million, plus interest, at a 6% per annum rate, that would become immediately due and payable on August 4, 2023 (the Note). Upon the "Event of Default," the interest rate would increase to 12% per annum.

55. The Note also includes among the Defendants' defined "obligations," for which they are joint and severally liable, "reasonable attorneys' fees and costs incurred in connection with actions relating to the [Agreement] . . . or this Note."

56. Dari has performed its obligations under the Agreement. Dari sold the entirety of its ownership interest in TieTek Global to EFG TieTek, and Dari has demanded payment of the Note, in writing, after it became immediately due and payable.

57. The Defendants failed to pay Dari the $5 million, plus accrued interest, on August 4, 2023, and have refused to pay these amounts despite demands by Dari and an opportunity to cure. The Defendants have, accordingly, failed to perform their obligations under the Agreement and the Note. These failures are material breaches of the Agreement and the Note.

58. As a direct and proximate result of the Defendants' breaches of the Agreement and the Note, Dari has been injured, and continues to suffer injury in the form of damages that include the $5 million principal payment due to Dari and more than $350,000 in interest on that principal (that continues to accrue at a 12% rate, given the Event of Default).

59. Dari is also entitled to reasonable attorney's fees incurred in connection with this lawsuit pursuant to both the terms of the Note, and, because this is an action to enforce the terms of a written contract, Chapter 38 of the Texas Civil Practice and Remedies Code.

**COUNT II**
**(Breach of Contract – Payment of Indemnification Costs)**

60. Dari and Ms. Kilic-Cave incorporate by reference the allegations of Paragraphs 1 – 59 as if set forth herein.

61. Dari, Ms. Kilic-Cave, and the Defendants entered into the Agreement, a valid and enforceable written contract.

62. Under the Agreement, the Defendants are contractually obligated to compensate (indemnify) Dari and Ms. Kilic-Cave for costs "arising from or relating to" nine defined "Special Obligation" events defined by the Agreement and exhibits thereto.

63. To date, Dari and Ms. Kilic-Cave have incurred more than $150,000 in costs "arising from or relating to" expressly defined Special Obligation events, including (i) lawsuits in Maricopa County, Arizona, and New York Supreme Court, and (ii) loan payments made by Ms. Kilic-Cave for the benefit of TieTek Global.

64. Dari and Ms. Kilic-Cave have fulfilled their obligations under the Agreement by promptly notifying the Defendants in writing – through multiple letters – and demanding payment for the incurred Special Obligation costs.

65. The Defendants have failed to perform their contractual obligations through their willful refusal to pay Dari and Ms. Kilic-Cave for more than $150,000 in costs that arise from or relate to Special Obligations, as defined by the Agreement. The Defendants' failure to pay Dari and Ms. Kilic-Cave for these Special Obligation costs constitutes a material breach of the Agreement.

66. As a direct and proximate result of the Defendants' breaches of the Agreement and the Note, Dari and Ms. Kilic-Cave have been injured, and continue to suffer injury, in the form of damages that include more than $150,000 in Special Obligation costs, for which Dari and Ms. Kilic-Cave are entitled to payment.

67. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Dari and Ms. Kilic-Cave are also entitled to attorney's fees reasonably and necessarily incurred to recover such amounts because this is an action to enforce the terms of a written contract.

## COUNT III
### (Declaratory Judgment)

68. Dari and Ms. Kilic-Cave incorporate by reference the allegations of Paragraphs 1 – 67 as if set forth herein.

69. Dari, Ms. Kilic-Cave, and the Defendants entered into the Agreement, pursuant to which the Defendants agreed to execute and deliver a promissory note in the amount of $5 million, plus interest, that would become due and payable on August 4, 2023 (the Note). These amounts were the "Purchase Price" for the sale of Dari's ownership interest in TieTek Global.

70. The Defendants executed and delivered to Dari the Note, a promissory note in the amount of $5 million, plus interest, that would become immediately due and payable on August 4, 2023.

71. Dari performed its obligations under the Agreement through the sale of its ownership interest in TieTek Global and the Note became immediately due and payable on August 4, 2023.

72. Dari is thus entitled to payment from the Defendants totaling $5 million for the Note, plus more than $350,000 in accrued interest, under the clear terms of the Agreement and the Note

73. Dari and Ms. Kilic-Cave have also incurred more than $150,000 in costs arising from or relating to "Special Obligation" events, as defined by the Agreement, including costs arising directly out of two lawsuits naming Dari and Ms. Kilic-Cave as defendants, as well as loan payments made by Ms. Kilic-Cave. Such amounts fall squarely within the scope of "Special Obligation" costs for which Dari and Ms. Kilic-Cave are entitled to indemnification from the Defendants pursuant to Section 7.4 and Exhibit 7.4 of the Agreement.

74. Dari and Ms. Kilic-Cave are thus also entitled to payment from the Defendants for the more than $150,000 in indemnifiable "Special Obligation" costs.

75. The Defendants, through their failure to pay Dari the $5 million Note, plus accrued interest, and through their failure to pay Dari and Ms. Kilic-Cave for more than $150,000 in indemnifiable Special Obligation costs, dispute Dari's and Ms. Kilic-Cave's entitlement to those amounts.

76. An actual controversy exists between Dari and Ms. Kilic-Cave, and the Defendants, as to (i) Dari's entitlement to payment of the $5 million Note, plus more than $350,000 in accrued interest, and (ii) Dari's and Ms. Kilic-Cave's entitlement to payment for more than $150,000 in Special Obligation costs.

77. Dari and Ms. Kilic-Cave therefore seek a declaration from the Court that the Defendants (i) are obligated to immediately pay Dari the $5 million principal amount under the Note, (ii) are obligated to pay Dari all interest that has accrued on the principal through the date of the Event of Default at a 6% per annum rate and at a rate of 12% thereafter, and (iii) are obligated to pay Dari and Ms. Kilic-Cave for all costs incurred that are out of or relate to any Special Obligation, as defined by the Agreement.

**Count IV**
**(Attorneys' Fees and Costs)**

78. Dari and Ms. Kilic-Cave incorporate by reference the allegations of Paragraphs 1 – 77 as if set forth herein.

79. Dari and Ms. Kilic-Cave retained the undersigned counsel to represent it in this action and have agreed to pay reasonable and necessary attorneys' fees and costs. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, and as further allowed by law, Plaintiffs

specifically assert that are entitled to recover the amount of attorneys' fees and expenses incurred in the prosecution of this matter, and in any subsequent appeal.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs respectfully request the Court grant the following relief:

1. Enter judgment in Dari's and Ms. Kilic-Cave's favor and against Defendants;

2. Award Dari damages in an amount to be determined at trial comprised of (i) $5 million for the Note's principal; (ii) more than $350,000 in interest accruing on the Note's principal at 6% per annum through the Event of Default and 12% per annum thereafter;

3. Award Dari and Ms. Kilic Cave damages in an amount to be determined at trial comprised of the more than $150,000 in costs incurred by Dari and Ms. Kilic-Cave arising out of or relating to indemnifiable "Special Obligation" events;

4. Declare that (i) Dari is entitled to immediate payment for the Note's principal totaling $5 million; (ii) Dari is entitled to payment of interest accruing on the Note's principal at 6% per annum; and (iii) Dari and Ms. Kilic-Cave are entitled to payment for all amounts incurred that arise out of or relate to those "Special Obligation" defined by the Agreement;

5. Award Dari and Ms. Kilic-Cave reasonable attorney's fees and costs incurred in connection with this action pursuant to the terms of the Note and Chapter 38 of the Texas Civil Practice and Remedies Code.

6. Award Dari and Ms. Kilic-Cave pre-judgment interest on their total damages; and

7. Grant Dari and Ms. Kilic-Cave all such other and further relief to which they show themselves justly entitled, whether at law or in equity.

Dated: November 3, 2023

Respectfully submitted,

**Pillsbury Winthrop Shaw Pittman LLP**

By: */s/ Hugh M. Ray, III*
    Hugh M. Ray, III
    Texas Bar No. 24004246
    William E. McMichael
    Texas Bar No. 24107860
    Reed C, Trechter
    Texas Bar No. 24129454
    909 Fannin, Suite 2000
    Houston, Texas 77010
    Tel: 713-276-7600
    Fax: 713-276-7634
    hugh.ray@pillsburylaw.com
    william.mcmichael@pillsburylaw.com
    reed.trechter@pillsburylaw.com

***Counsel for Plaintiff Dari Concepts, LLC***