# EXHIBIT B

**THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED. THIS NOTE MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT AS TO THE NOTE UNDER SAID ACT OR AN OPINION OF COUNSEL SATISFACTORY TO THE BORROWER THAT SUCH REGISTRATION IS NOT REQUIRED.**

**EFG TIETEK, LLC**

**EF GLOBAL CORPORATION**

**TIETEK GLOBAL LLC**

**TTG REAL ESTATE LLC**

**TTG OPERATING LLC**

**AND**

**LT RESOURCES, LLC**

**SECURED PROMISSORY NOTE**

$5,000,000                                                                                                                                  August 4 , 2022

FOR VALUE RECEIVED, EFG TieTek, LLC, a Delaware limited liability company ("EFG"), EF Global Corporation, a Delaware corporation ("EF Global"), TieTek Global LLC, a Texas limited liability company (the "Company"), TTG Real Estate LLC, a Texas limited liability company ("TTG RE"), TTG Operating LLC, a Texas limited liability company ("TTG Op"), and LT Resources, Inc., a Texas corporation ("LT" and together with EFG, EF Global, the Company, TTG RE, and TTG Op, the "Borrowers"), promise to pay to the order of Dari Concepts, LLC, a Delaware limited liability company (the "Holder"), in lawful money of the United States of America the principal sum of $5,000,000, or such lesser amount as shall equal the outstanding principal amount hereof, together with interest from the date of this Promissory Note (this "Note"). All unpaid principal, together with any then unpaid and accrued interest and other amounts payable hereunder, shall be due and payable on the earliest of (i) one year from the date hereof, or (ii) when, upon or after the occurrence of an Event of Default (as defined below), such amounts are declared due and payable by the Holder or made automatically due and payable in accordance with the terms hereof (any such date, the "Maturity Date").

THE OBLIGATIONS DUE UNDER THIS NOTE ARE SECURED BY A SECURITY AGREEMENT (THE "SECURITY AGREEMENT") AND A DEED OF TRUST (THE "DEED OF TRUST") DATED AS OF THE DATE HEREOF (AND AS AMENDED, SUPPLEMENTED, OR OTHERWISE MODIFIED FROM TIME TO TIME) AND EXECUTED BY CERTAIN BORROWERS FOR THE BENEFIT OF THE HOLDER. ADDITIONAL RIGHTS OF THE HOLDER ARE SET FORTH IN THE SECURITY AGREEMENT AND THE DEED OF TRUST.

1. ***Definitions***. As used in this Note, the following capitalized terms have the following meanings:

(a) "Event of Default" has the meaning given in Section 4 hereof.

(b) "Lien" shall mean, with respect to any property, any security interest, mortgage, pledge, lien, claim, charge or other encumbrance in, of, or on such property or the income therefrom, including, without limitation, the interest of a vendor or lessor under a conditional sale agreement, capital lease or other title retention agreement, or any agreement to provide any of the foregoing.

(c) "Obligations" shall mean and include all amounts due under this Note, the Security Agreement, and the Deed of Trust, all other amounts now or hereafter owed to the Holder by any or all of the Borrowers and all costs and expenses, including, without limitation, reasonable attorneys' fees and costs incurred in connection with actions relating to the Security Agreement, the Deed of Trust, or this Note.

(d) "Person" shall mean and include an individual, a partnership, a corporation (including a business trust), a joint stock company, a limited liability company, an unincorporated association, a joint venture or other entity or a governmental authority.

(e) "Securities Act" shall mean the Securities Act of 1933, as amended.

2. ***Payments***. Interest shall accrue at the rate of 6% per annum. On the Maturity Date, any remaining principal balance and all unpaid accrued interest thereon shall immediately become due and payable. All payments made pursuant to this Note shall be made in lawful tender of the United States and shall be applied first to interest and then to principal. The obligations of the Borrowers to pay under this Note shall be joint and several.

3. ***Prepayment***. This Note may be prepaid in whole or in part at any time without notice or penalty.

4. ***Events of Default***. The occurrence of any of the following shall constitute an "Event of Default" under this Note and the Security Agreement:

(a) *Failure to Pay*. The Borrowers shall fail to pay (i) when due any principal or interest payment on the due date hereunder or (ii) any other payment required under the terms of this Note, the Security Agreement, or the Deed of Trust on the date due and such payment shall not have been made within ten (10) days of the Borrowers' receipt of the Holder's written notice to the Borrowers of such failure to pay; or

(b) *Breaches of Covenants*. The Borrowers shall fail to observe or perform any other covenant, obligation, condition or agreement contained in this Note, the Security Agreement, or the Deed of Trust and (i) such failure shall continue for thirty (30) days, or (ii) if such failure is not curable within such 30-day period, but is capable of cure within a reasonable period of time thereafter, either (A) the Borrowers shall fail to diligently pursue a cure or (B) the Borrowers shall fail to cure within a reasonable period of time; or

2

(c) *Representations and Warranties.* Any representation, warranty, certificate, or other statement (financial or otherwise) made or furnished by or on behalf of any Borrower to the Holder in this Note, the Security Agreement, or the Deed of Trust shall be false, incorrect, incomplete or misleading in any material respect when made or furnished; or

(d) *Voluntary Bankruptcy or Insolvency Proceedings.* Any Borrower shall (i) apply for or consent to the appointment of a receiver, trustee, liquidator or custodian of itself or of all or a substantial part of its property, (ii) make a general assignment for the benefit of its or any of its creditors, (iii) be dissolved or liquidated, (iv) commence a voluntary case or other proceeding seeking liquidation, reorganization or other relief with respect to itself or its debts under any bankruptcy, insolvency or other similar law now or hereafter in effect or consent to any such relief or to the appointment of or taking possession of its property by any official in an involuntary case or other proceeding commenced against it or (v) take any action for the purpose of effecting any of the foregoing; or

(e) *Involuntary Bankruptcy or Insolvency Proceedings.* Proceedings for the appointment of a receiver, trustee, liquidator or custodian of any Borrower or of all or a substantial part of the property thereof, or an involuntary case or other proceedings seeking liquidation, reorganization or other relief with respect to any Borrower or the debts thereof under any bankruptcy, insolvency or other similar law now or hereafter in effect shall be commenced and an order for relief entered or such proceeding shall not be dismissed or discharged within ninety (90) days of commencement;

(f) *Liquidation or Dissolution.* Any Borrower shall file for liquidation or dissolution; or

(g) *Transaction Documents.* This Note, the Security Agreement, or the Deed of Trust, or any material term thereof shall cease to be, or be asserted by any of the Borrowers not to be, a legal, valid and binding obligation of the Borrowers enforceable in accordance with its terms or if the Liens of the Holder in any of the assets of the Company, or any of its subsidiaries, TTG RE, TTG Op, or LT, shall cease to be or shall not be valid perfected Liens or any of the Borrowers shall assert that such Liens are not valid and perfected Liens; provided that the Borrowers shall have thirty (30) days from the Borrowers' receipt of the Holder's written notice to the Borrowers of the occurrence of any such event to cure such default.

5. **Rights of Holder upon Default**. Upon the occurrence or existence of any Event of Default (other than an Event of Default described in Sections 4(d), 4(e) or 4(f)) and at any time thereafter during the continuance of such Event of Default, the Holder may, by written notice to the Borrowers, declare all outstanding Obligations payable by the Borrowers hereunder to be immediately due and payable without presentment, demand, protest or any other notice of any kind, all of which are hereby expressly waived, anything contained herein or in the Security Agreement to the contrary notwithstanding. Upon the occurrence or existence of any Event of Default described in Sections 4(d), 4(e) and 4(f), immediately and without notice, all outstanding Obligations payable by the Borrowers hereunder shall automatically become immediately due and payable, without presentment, demand, protest or any other notice of any kind, all of which are hereby expressly waived, anything contained herein or in the Security Agreement to the

contrary notwithstanding. In addition to the foregoing remedies, upon the occurrence or existence of any Event of Default, the Holder may exercise any other right power or remedy granted to it by the Security Agreement or the Deed of Trust or otherwise permitted to it by law, either by suit in equity or by action at law, or both.

6. ***Successors and Assigns.*** Subject to the restrictions on transfer described in Section 7 below, the rights and obligations of the Borrowers and the Holder shall be binding upon and benefit the successors, assigns, heirs, administrators and transferees of the parties.

7. ***Waiver and Amendment.*** Any provision of this Note may be amended, waived or modified upon the written consent of the Borrowers and the Holder.

8. ***Assignment by the Borrowers.*** Neither this Note nor any of the rights, interests or obligations hereunder may be assigned, by operation of law or otherwise, in whole or in part, by the Borrowers without the prior written consent of the Holder.

9. ***Notices.*** All notices, requests, demands, consents, instructions or other communications required or permitted hereunder shall be in writing and faxed, mailed or delivered to each party at the following addresses:

| | |
|---|---|
| if to the Borrowers, to: | EF Global Corporation<br>1045 E McKellips Rd.<br>Mesa, AZ 85203 |
| if to the Holder, to: | Dari Concepts, LLC<br>200 Continental Drive<br>Suite 401<br>Newark, DE 19713<br>Attn: Angela Kilic-Cave<br>Facsimile: (302) 543-2428<br>E-mail: angela@daricon.com |
| With a copy to: | Pillsbury Winthrop Shaw Pittman LLP<br>1650 Tysons Blvd., 14th Floor<br>McLean, VA 22102<br>Facsimile: 703-770-7901<br>E-mail: steven.meltzer@pillsburylaw.com<br>Attention: Steven L. Meltzer |

or at such other address or facsimile number as such party shall have furnished to the other party in writing. All such notices and communications will be deemed effectively given the earlier of (i) when received, (ii) when delivered personally, (iii) one (1) business day after being delivered by facsimile (with receipt of appropriate confirmation), (iv) one (1) business day after being

deposited with an overnight courier service of recognized standing or (v) four (4) days after being deposited in the U.S. mail, first class with postage prepaid.

10. **Payment.** Payment shall be made in lawful tender of the United States.

11. **Default Rate; Usury.** After the occurrence of an Event of Default, the Borrowers shall pay interest on the unpaid principal balance hereof at a rate per annum equal to twelve percent (12%). In the event any interest is paid on this Note, which is deemed to be in excess of the then legal maximum rate, then that portion of the interest payment representing an amount in excess of the then legal maximum rate shall be deemed a payment of principal and applied against the principal of this Note.

12. **Expenses; Waivers.** After the occurrence of an Event of Default and so long as such Event of Default is continuing, if action is instituted to collect this Note, the Borrowers promise to pay all costs and expenses, including, without limitation, reasonable attorneys' fees and costs, incurred in connection with such action. The Borrowers hereby waive notice of default, presentment or demand for payment, protest or notice of nonpayment or dishonor and all other notices or demands relative to this instrument.

13. **Governing Law.** This Note and all actions arising out of or in connection with this Note shall be governed by and construed in accordance with the laws of the State of Texas, without regard to the conflicts of law provisions of the State of Texas, or of any other state.

*[Signature Page Follows]*

4858-8469-6619.v3

The Borrowers have caused this Secured Promissory Note to be issued as of the date first written above.

**EFG TIETEK, LLC**

By: _____
Name: D. Elroy Fimrite
Title: President

**EF GLOBAL CORPORATION**

By: _____
Name: D. Elroy Fimrite
Title: President

[Signature Page to Secured Promissory Note]

**TIETEK GLOBAL LLC**

By: *[signature: Linda Thomas]*
Name: Linda Thomas
Title: President

**TTG REAL ESTATE LLC**

By: TIETEK GLOBAL, LLC, Manager

By: *[signature: Linda Thomas]*
Name: Linda Thomas
Title: President

**TTG OPERATING LLC**

By: TIETEK GLOBAL, LLC, Manager

By: *[signature: Linda Thomas]*
Name: Linda Thomas
Title: President

**LT RESOURCES, INC.**

By: *[signature: Linda Thomas]*
Name: Linda Thomas
Title: President

[Signature Page to Secured Promissory Note]

Acknowledged and Agreed:

**HOLDER**

DARI CONCEPTS, LLC

By: _____
Name: Angela Kilic-Cave
Title: Manager