IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARI CONCEPTS, LLC and ANGELA KILIC-CAVE, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-04176 |
| EF GLOBAL CORPORATION, EFG TIETEK LLC, TIETEK GLOBAL LLC, TTG REAL ESTATE, LLC, TTG OPERATING, LLC, and LT RESOURCES, INC., | § § § § § § | |
| *Defendants*. | § | |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Dari Concepts, LLC and Angela Kilic-Cave (collectively, "Dari") file this Motion to Compel Discovery and for Sanctions and, in support thereof, respectfully show the Court as follows:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1. On July 26, 2024, the Court entered final judgment against Defendants, awarding Dari $5,831,482.61 in damages, plus post-judgment interest. *See* Dkt. 18. As of the date of this filing, the amount of the judgment is approximately $5,902,431.78.

2. On August 23, 2024 Dari served post-judgment discovery on Defendants, consisting of interrogatories and requests for production. *See* Ex. 1, Plf.'s First Post-Judgment Interrogatories; Ex. 2, Plf.'s First Post-Judgment Requests for Production. Defendants' responses were originally due by September 22, 2024. FED. R. CIV. P. 33, 34.

3. On September 16, 2024, Defendants requested an extension to respond to the discovery. *See* Ex. 3, Email Communications between C. Niehaus and W. McMichael. On September 17, 2024, the Parties conferred via telephone and Defendants' counsel advised that (i)

most of the discovery requests were not objectionable; and (ii) Defendants had been working to identify and compile documents responsive to the requests for production. *Id*. Accordingly, the Parties agreed to extend the deadline to October 7, 2024.

4. Defendants failed to provide responses or documents by the October 7 deadline.

5. On October 7, 2024, Defendants requested a second extension until October 15, 2024. *Id*. Dari agreed to the second extension. However, Defendants again failed to comply by the extended deadline.

6. On October 14, 2024, Defendants sought a third extension, this time until October 31, 2024—40 days past the original deadline. *Id*. Although Dari declined this request, it refrained from seeking judicial intervention based on Defendants' assurance that they would "endeavor to produce documents and responses over the weekend" and that it was their "intention [sic] to produce by Monday," October 21, 2024.

7. Defendants once again failed to provide responses or produce documents by the October 21 deadline. As of the date of this filing, no discovery has been provided to Dari.

8. Defendants have consistently failed to meet their discovery obligations and provided no responses to interrogatories or requests for production. Their repeated delays and refusal to comply violate the Federal Rules of Civil Procedure and established Fifth Circuit precedent. FED. R. CIV. P. 37.

9. Accordingly, Dari files this Motion to Compel Discovery and for Sanction, seeking an order compelling Defendants to provide the requested discovery within five (5) days of the Court's order, and imposing sanctions for the time and resources expended in pursuing compliance.

4891-4386-5075.v4

# II.
# ARGUMENTS & AUTHORITIES

A. **THE COURT SHOULD COMPEL DEFENDANTS TO RESPOND TO DISCOVERY.**

10. The Court is well-familiar with the rules and caselaw governing discovery. Under Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for any order compelling an answer or production if the responding party fails to answer an interrogatory under Rule 33, or to produce documents under Rule 34. *See* FED. R. CIV. P. 33, 34, 37(a)(3)(B).

11. Here, Defendants failed to object to Dari's discovery requests, answer the interrogatories, or produce documents responsive to the requests for production. As a result, Defendants' discovery objections are presumed waived. *See In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

12. Without any objection or showing of good cause, Defendants were obligated to provide fulsome answers to interrogatories and produce all responsive documents by the agreed deadline. *See* Fed. R. Civ. P. 33, 34. However, Defendants have not done so.

13. Despite Dari's good faith efforts to confer and provide additional time, Defendants continue to ignore their discovery obligations. Accordingly, judicial intervention is necessary for Dari to obtain the discovery it seeks.

14. Therefore, the Court should compel Defendants to respond to Dari's discovery requests within five (5) days of the order granting the Motion.

B. **THE COURT SHOULD AWARD MONETARY SANCTIONS FOR DEFENDANT'S FAILURE TO RESPOND TO DISCOVERY.**

15. Under Federal Rule of Civil Procedure 37, when a motion to compel discovery is granted, the party whose conduct necessitated the motion is obligated to pay the movant's

reasonable expenses, including attorneys' fees. FED. R. CIV. P. 37(a)(5)(A). The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

16. There are no applicable exceptions to a discovery sanctions award here. Dari agreed to multiple extensions of time for Defendants to respond to discovery, and has negotiated with Defendants in good faith to obtain the requested discovery. *See* FED. R. CIV. P. 37(a)(5)(A)(i). However, Defendants have failed to object to discovery, or otherwise to provide answers to interrogatories or documents to Dari in violation of Rules 37.

17. Defendants' failure to respond to discovery is also not substantially justified. On September 17, 2024, Defendants' counsel advised that (i) most of the discovery requests were not objectionable; and (ii) Defendants had been working to identify and compile documents responsive to the requests for production. *See* Exhibit 3. More than a month has passed since then, and Defendants have provided no responses or objections, with no reasonable justification for the continued delay. *See Samsung Electronics Am., Inc., v. Yang Kun Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017) (discovery conduct is "substantially justified" under Rule 37 if there is a genuine dispute as to the appropriateness of the request).

18. Accordingly, Dari respectfully requests that the Court order Defendants to show cause for why they should not be required to pay Dari's reasonable expenses, including attorneys' fees, for their refusal to comply with discovery obligations. Should Defendants fail to show cause, Dari moves that the Court order Defendants to pay reasonable expenses and attorneys' fees.

### C. THE COURT SHOULD FURTHER COMPEL DOUGLAS FIMRITE TO APPEAR IN-PERSON FOR HIS FORTHCOMING DEPOSITION.

19. The Defendants are all controlled by Douglas Fimrite. Dari intends to take Mr. Fimrite's deposition of Mr. Fimrite following a review of Defendants' discovery responses. However, Defendants' recent failures to respond to discovery or comply with their discovery obligations (even after making express promises to do so) give rise to Dari's reasonable concern that Mr. Fimrite will attempt to avoid his deposition, or otherwise attempt to be less than forthcoming during his deposition. Therefore, Dari also moves that the Court order Mr. Fimrite to appear at the Bob Casey Federal Courthouse in Houston, Texas on a date negotiated by counsel on or before January 31, 2025 for a discovery deposition in aid of execution on the judgment.

### III.
### CONCLUSION

20. Because Defendants waived all objections and failed to respond to discovery by the deadline, the Court should grant the Motion and compel Defendants to respond in full to Dari's discovery requests within five (5) days of the order. Additionally, the Court should award Dari reasonable attorneys' fees and costs incurred in preparing the Motion, as well as any other relief to which Dari has shown itself entitled, whether at law or in equity.

4891-4386-5075.v4

Dated: October 25, 2024　　　　　　　　　Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:　*/s/ William McMichael*
　　　Hugh M. Ray, III
　　　Texas Bar No. 24004246
　　　William E. McMichael
　　　Texas Bar No. 24107860
　　　L James Dickinson
　　　Texas Bar No. 24105805
　　　Reed C, Trechter
　　　Texas Bar No. 24129454
　　　609 Main, Suite 2000
　　　Houston, Texas 77002
　　　Tel: 713-276-7600
　　　Fax: 713-276-7634
　　　hugh.ray@pillsburylaw.com
　　　william.mcmichael@pillsburylaw.com
　　　james.dickinson@pillsburylaw.com
　　　reed.trechter@pillsburylaw.com

*Counsel for Plaintiffs Dari Concepts, LLC and Angela Kilic-Cave*

## CERTIFICATE OF CONFERENCE

　　　Pursuant to Federal Rule of Civil Procedure 37(a)(1), I hereby certify that Dari has conferred in good faith with Defendants on September 17, 2024; October 7, 2024; October 14, 2024; October 15; 2024; and October 16, 2024 regarding the requested discovery, as well as Dari's intent to file a motion to compel should Defendants fail to respond to discovery by the agreed deadline. Moreover, counsel for Dari attempted to contact Defendants' counsel on October 25, 2024 before filing this Motion to provide a final chance for Defendants to comply with discovery. Given their repeated failure to respond to discovery and failure to respond to Dari's telephone call regarding the Motion, Defendants are presumed to oppose the Motion.

　　　　　　　　　　　　　　　　/s/ *William McMichael*
　　　　　　　　　　　　　　　　William McMichael

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been electronically filed in the Court's CM/ECF system on October 25, 2024, which caused a copy of the same to be served on all counsel of record.

/s/ *William McMichael*
William McMichael

4891-4386-5075.v4